**Vonzell JOHNSON, Carol Johnson, Plaintiffs–Appellants,**

v.

**COLUMBUS METROPOLITAN LIBRARY, Joseph E. Swaro, et al., Defendants–Appellees.**

No. 01–3179.

United States Court of Appeals, Sixth Circuit.

Aug. 15, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Vonzell Johnson appeals the district court's order granting summary judgment to the defendants on his claim of race discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.* Johnson does not appeal the district court's orders dismissing his state law claims, his 42 U.S.C. §§ 1981 and 1983 [1] claims, or his Title VII claims against the individual defendants, which he concedes will not lie. Johnson's brief on appeal makes no mention of a claim of hostile work environment, and, as the district court did, we construe Johnson's Title VII claim as alleging discrete discriminatory acts, rather than hostile work environment.

This court has consistently held that to make a prima facie case of discrete acts discrimination, the plaintiff must present some evidence, either direct or circumstantial, that he suffered a materially adverse employment action. *Kocsis v. Multi-Care Mgmt. Inc.*, 97 F.3d 876, 885 (6th Cir. 1996); *Wilson v. Firestone Tire & Rubber Co.*, 932 F.2d 510, 514 (6th Cir.1991). After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we are convinced that the district court did not err in finding that the plaintiff failed to identify any facts tending to prove that he suffered a materially adverse employment action.

Because the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by the court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.

---

1. Johnson did not plead any specific claims under either of these statutory sections. Rather, his complaint alleges that "Defendants conduct was in violation of the Civil Rights Act of 1866." The district court construed this count in the complaint as raising claims under both § 1981 and § 1983, and granted summary judgment to the defendants on both. Johnson's brief on appeal makes no mention of the § 1983 claim, and presents no argument whatsoever with regard to the § 1981 claim, mentioning only that he presented sufficient evidence in response to the motion for summary judgment "to give rise to genuine issues of material fact as to Appellant's Title VII and Section 1981 claims." We therefore consider them abandoned. *Enertech Elec., Inc. v. Mahoning County Com's,* 85 F.3d 257, 259 (1996) (noting that issues not raised in appellant's opening brief will not be considered on appeal).